IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2233-FL

| | | |
|---|---|---|
| DAVID OWEN FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA and | ) | |
| DONNIE HARRISON, | ) | |
| | ) | |
| Respondents. | ) | |

This matter came before the court on respondents' motion to dismiss petitioner's habeas action on grounds that the court lacks jurisdiction (DE # 11). Petitioner timely responded in opposition, and the issues raised now are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On April 22, 2009, petitioner pleaded no contest in the Wake County Superior Court to two counts of possession of a stolen vehicle and two counts of possession of stolen goods. Petitioner then was sentenced to a consolidated term of seven to nine months imprisonment. Petitioner served his sentence and was released on November 3, 2009.

In December 2009, petitioner filed a pro se motion for appropriate relief ("MAR") in the Wake County Superior Court. On January 21, 2010, the MAR court issued an order requiring petitioner to file an affidavit of indigency within fifteen (15) days. On September 20, 2010,

petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals, which was dismissed on October 7, 2010.

On October 25, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following: (1) his arrest violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) his guilty plea was unlawfully induced; and (3) his arrest violated the Fourth Amendment to the United States Constitution. Petitioner also alleges that he received ineffective assistance of counsel and that witnesses and law enforcement officers presented false testimony. Respondent filed a motion to dismiss on January 17, 2011, arguing that this court lacks jurisdiction to hear petitioner's claims.

## DISCUSSION

A.  Standard of Review

Respondent moves to dismiss on grounds of lack of jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Id.

B.  Analysis

Petitioner is challenging his April 22, 2009 convictions for two counts of possession of a stolen vehicle and two counts of possession of stolen goods. Title 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in

2

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." The custody requirement of 28 U.S.C. § 2254 is not met when an inmate challenges an expired state sentence, even if the expired sentence has enhanced the current sentence. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam); Lyons v. Lee, 316 F.3d 528, 533 (4th Cir. 2003); Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982). Here, petitioner completed the challenged sentence on November 3, 2009, nearly one year prior to the date he filed this action. Accordingly, petitioner's claims are not properly before this court under 28 U.S.C. § 2254, and respondent's motion to dismiss is GRANTED.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

3

would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 11) is GRANTED. The certificate of appealability is DENIED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 6<sup>L</sup> day of July, 2011.

_J. SL_
LOUISE W. FLANAGAN
Chief United States District Judge

4